UNITED STATES of America,
Plaintiff–Appellee,

v.

Alvaro DELGADO–AGUILAR,
Defendant–Appellant.

No. 05–14187
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

June 20, 2006.

Jimmy Hardy, Stephanie Kearns, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Zahra S. Karinshak, Amy Levin Weil, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Before ANDERSON, BIRCH and WILSON, Circuit Judges.

PER CURIAM:

Alvaro Delgado–Aguilar, who pled guilty to illegally reentering the United States in violation of 8 U.S.C. § 1326(a) and (b)(2), appeals his 41–month sentence. He contends that, because the characterization of his prior conviction for aggravated assault as a "crime of violence" was not charged in

the indictment or proven to a jury, the 16–level sentencing enhancement applied by the district court pursuant to United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) violates *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Although we review Delgado–Aguilar's constitutional objection de novo, and will reverse only for harmful error, *see United States v. Paz*, 405 F.3d 946, 948 (11th Cir.2005) (per curiam), his argument is clearly foreclosed by our circuit precedent interpreting *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Apprendi*'s progeny. *See, e.g., United States v. Orduno–Mireles*, 405 F.3d 960, 962–63 (11th Cir.) (*Booker* did not disturb *Almendarez–Torres*'s holding that "recidivism is *not* a separate element of an offense that the government is required to prove beyond a reasonable doubt."), *cert. denied,* —— U.S. ——, 126 S.Ct. 223, 163 L.Ed.2d 191 (2005); *United States v. Glover*, 431 F.3d 744, 749 (11th Cir.2005) (per curiam) ("[W]hether a previous conviction is a 'crime of violence' is a question of law, not of fact. . . .").

 Therefore, the district court did not violate *Booker* when it enhanced Delgado–Aguilar's sentence under the Sentencing Guidelines based on its finding that his prior conviction was for a "crime of violence." Even so, Delgado–Aguilar was sentenced under an advisory guidelines scheme, so the district court did not commit constitutional error in sentencing him.

Thus, we affirm Delgado–Aguilar's sentence.

**AFFIRMED.**